## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

BETTY BORGOS,

    Plaintiff,

v.

EMERGE HEALTHCARE GROUP, LLC; FCID MEDICAL INC.; FIRST CHOICE MEDICAL GROUP OF BREVARD, LLC; FIRST CHOICE HEALTHCARE SOLUTIONS, INC.; and LANCE FRIEDMAN,

    Defendants.

Case No. 6:23-cv-475-RMN

## **ORDER**

This cause comes before the Court for consideration on Plaintiff's Motion for Summary Judgment (Dkt. 30), filed October 2, 2023. Defendants responded in opposition. Dkt. 31. Upon the parties' consent, this case was referred to a magistrate judge to conduct all proceedings and order entry of a final judgment pursuant to 28 U.S.C. 636(c) and Federal Rule of Civil Procedure 73. Dkt. 26. The Court previously entered an order granting Plaintiff's Motion as it relates to Defendant Friedman's individual liability under the Fair Labor Standards Act ("FLSA"). Dkt. 34. The Court held a hearing on Plaintiff's Motion as it relates to the claims brought under the Employee Retirement Income Security

Act ("ERISA"). Dkt. 44. For the reasons discussed below, the Motion is due to be denied in part.[1]

## I. BACKGROUND

On March 15, 2023, Plaintiff Betty Borgos filed a Complaint against Defendants Emerge Healthcare Group, LLC; FCID Medical, Inc.; First Choice Medical Group of Brevard, LLC; First Choice Healthcare Solutions, Inc.; and Lance Friedman, individually. Dkt. 1. The Complaint allegations violations of the FLSA, the FMWA, ERISA, and Florida common law. *Id.*

Plaintiff alleges that the corporate Defendants and Lance Friedman, in his individual capacity as CEO, employed Plaintiff at a rate of $21 per hour, plus benefits as part of an employee welfare benefit plan. *Id.* at ¶ 57. Plaintiff states that her insurance policies were canceled, in whole or part, due to Defendants' failure to remit payment despite making deductions from her

---

[1] This Order only discusses Plaintiff's claims under the Employee Retirement Income Security Act ("ERISA"). The Court previously entered an order granting Plaintiff's Motion as it relates to Defendant Friedman's individual liability under the Fair Labor Standards Act ("FLSA"). Because Defendants stipulate to (1) the amounts due under the FLSA, Florida Minimum Wage Age ("FMWA"), and unpaid wage claims; (2) coverage under the FLSA, FMWA, and unpaid wage statutes; (3) the fact that they are joint employers for purposes of the wage claims; and (4) the amounts of and the fact that deductions were made from Plaintiff's pay for periods when she was not covered by an insurance plan, the Court believes that all outstanding issues on summary judgment have been resolved and the remainder of Plaintiff's Motion is due to be denied as moot. *See* Dkt. 33 at 3–4.

- 2 -

paychecks and that she has not received any pay for hours worked between June 13, 2022, and her final day on August 8, 2022. *Id.* at ¶¶ 70–74.

Defendants do not dispute that they made deductions from Plaintiff's pay during periods in which she was not covered by any insurance plan, and they do not dispute that Plaintiff worked without pay and is owed back wages. Dkt. 30 at 2. After discovery, Defendants only remaining disputes at issue in this Order are "whether they are liable for the entire amount of the medical bills or receipts produced by Plaintiff, or whether they are liable for a lesser amount." Dkt. 33 at 4.

Plaintiff now moves for summary judgment and the matter is ripe for review.[2]

## II.     LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment must "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other

---

[2] Although Defendants responded in opposition to Plaintiff's Motion for Summary Judgment, they failed to discuss the issues regarding ERISA in total. *See* Dkt. 31.

materials" to support its position that it is entitled to summary judgment. Fed. R. Civ. P. 56(c)(1)(A). "The court need consider only the cited materials" but may also consider any other material in the record. Fed. R. Civ. P. 56(c)(3).

An issue of fact is "genuine" only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it could affect the outcome of the lawsuit under the governing law. *Id*. The moving party bears the initial burden of identifying those portions of the record demonstrating a lack of genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986*); Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). If the movant shows "an absence of evidence to support the nonmoving party's case," the burden then shifts to the non-moving party to demonstrate that there are, in fact, genuine disputes of material facts. *Celotex*, 477 U.S. at 325; *see also Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006).

Summary judgment should only be granted "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A court may not grant summary judgment if doing so would be based on witness credibility determination; the Court must accept the non-movant's competent testimony as true for the purposes of ruling on summary judgment. *Johnson v. Lang*, No. 19-14278, 2022 WL 2734421, at *4 (11th Cir. July 14,

2022) (quoting *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996)) ("It is not the court's role to weigh conflicting evidence or to make credibility determinations; the non-movant's evidence is to be accepted for purposes of summary judgment.").

## III.  DISCUSSION

Plaintiff brings claims against all Defendants under Section 1132(a), to recover money equal to the insurance benefits lost due to Defendants' alleged breach of fiduciary duty. *See* Dkt. 1 at ¶¶ 118–133. To establish liability for breach of fiduciary duty under ERISA, a plaintiff must show (1) that the defendants are in fact a fiduciary of an ERISA plan; (2) that defendants were engaged in conduct constituting a breach of fiduciary duty; (3) that defendants' conduct was within the scope of their capacity as a fiduciary; and (4) that defendants' conduct damaged the ERISA plan or that the ERISA plan suffered a loss subsequent to the breach. *Pension & Emp. Stock Ownership Plan Admin. Comm. v. Patterson*, 547 F. Supp. 2d 1230, 1238 (N.D. Ala. 2008); *see also Baker v. Big Star Div. of the Grand Union Co.*, 893 F.2d 288, 289 (11th Cir. 1989) ("non-fiduciaries cannot be held liable under ERISA"). Plaintiff must prove each of these elements to establish its prima facie case of an ERISA violation.

When determining whether a defendant is a fiduciary under ERISA, courts look to ERISA's statutory definition to see if the defendant—whether

specifically designated as a fiduciary in the plan documents or not—is functioning as an ERISA fiduciary.

ERISA provides that:

> [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management over disposition of its assets; (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A); *see also Hunt v. Hawthorne Assocs., Inc.*, 119 F.3d 888, 892 n. 2 (11th Cir. 1997) ("The term 'fiduciary' has a broader meaning under ERISA than at common law because ERISA defines 'fiduciary' not in terms of formal trusteeship, but in functional terms of control and authority over the plan.").

In the two pages devoted to the ERISA count in her motion, Plaintiff fails to provide the Court with any record evidence or citations to record evidence tending to establish who is a plan fiduciary. Although Plaintiff argued at the hearing that Friedman can be deemed a fiduciary because he had control over the Defendants' general operating account—which happened to be the account that plan assets were improperly funneled to—this argument does not appear on the face of the summary judgment briefing and is not a compelling one at

that. Plaintiff's argument puts the proverbial cart before the horse and attempts to impute fiduciary status onto Friedman by saying that <u>because</u> he breached his fiduciary obligations, he must be a fiduciary. This cannot be. *See Cotton v. Mass. Mut. Life Ins.*, 402 F.3d 1267, 1277 (11th Cir. 2005) ("To establish liability for a breach of fiduciary duty under any of the provisions of ERISA § 502(a), a plaintiff must <u>first</u> show that the defendant is in fact a fiduciary with respect to the plan . . . Significantly under this definition, a party is a fiduciary only 'to the extent' that it performs a fiduciary function.") (emphasis added).[3]

Plaintiff's second argument at the hearing, which notably does not appear on the face of the summary judgment briefing, is that because the Court found Friedman individually liable under the FLSA, he must also be a fiduciary. This is not so. Individual liability under one statute does not equate to liability under another.

In any event and despite Plaintiff's representations at the hearing, Plaintiff wholly failed to cite *any* record evidence to establish Friedman's

---

[33] The operating account held plan assets because an employee's contributions to an ERISA plan, withheld from her wages, are plan assets even when the funds remain in the employer's possession. *See United States v. Grizzle*, 933 F.2d 943, 947 (11th Cir.1991) (discussing 29 C.F.R. § 2510.3-102 and 29 U.S.C. § 1103(c)(1), which provides "the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries").

status as a plan fiduciary.[4] *See* Dkt. 30 at 22–24; *see also Pegram v. Herdrich*, 530 U.S. 211, 226 (2000) ("In every case charging breach of ERISA fiduciary duty, . . . the threshold question is not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint."); *Chapman v. Klemick*, 3 F.3d 1508, 1508 (11th Cir. 1993) (rejecting the view that a lawyer "breached his fiduciary duty to the trust fund by disposing of [monies]" contrary to an agreement with an employee benefit fund); *Grizzle*, 933 F.2d at 947 (suggesting a person is a functional fiduciary under ERISA if that person "exercise[s] discretionary authority and control respecting the disposition of . . . employees' contributions"); *Local Union 2134, United Mine Workers v. Powhatan Fuel, Inc.*, 828 F.2d 710, 714 (11th Cir. 1987) (corporate president's decision to pay business expenses rather than insurance premiums was a business decision not regulated by ERISA).

---

[4] At most, Plaintiff's citation to *Pension Benefit Guar. Corp. v. Solmsen*, 67 F. Supp. 938 (E.N.D.Y 1987), supports the proposition that one or more of the Defendant entities could be deemed a fiduciary under EIRSA if a plan existed and those entities managed and administered the plan and its assets. That is so because there was evidence in that case that the defendant had a "fiduciary responsibility under the Plan to make contributions to it." 67 F. Supp. at 945. Plaintiff has not made that showing here for any Defendant. Nor has she established that she may recover under ERISA contributions withheld for a plan that she says "functionally never existed." Dkt. 30 at 23.

Because Plaintiff has failed to carry her burden on summary judgment, Plaintiff's Motion must be denied as to Count IV: ERISA Violation.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt. 30) is **DENIED in part** as to Count IV: ERISA. Plaintiff's Motion is **DENIED as moot** to the remainder of the issues presented.

**DONE** and **ORDERED** in Orlando, Florida, on March 22, 2024.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies furnished to:

Counsel of Record